John P. Kristensen (SBN 224132)
Justice D. Turner (SBN 336579)
**CARPENTER & ZUCKERMAN**
8827 W. Olympic Blvd
Beverly Hills, California 90211
8827 W. Olympic Blvd
Telephone: 310-507-7924
Facsimile: 310-507-7906
*kristensen@cz.law*
*jturner@cz.law*
*kristensenteam@cz.law*

*Attorneys for Plaintiff*

# THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| Maja Dogonyaro, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES** |
| vs. | ) |
| | ) **1. Failure to Pay Minimum Wage, 29 U.S.C. § 206;** |
| RPZ LA, LLC dba MainRo, a | ) |
| Delaware limited liability company; | ) **2. Unlawful Taking of Tips, 29 U.S.C. § 203;** |
| ROMAIN ZAGO, an individual; | ) |
| MICHAEL KONIG, an individual; | ) **3. Illegal Kickbacks, 29 C.F.R. § 531.35;** |
| DOE MANAGERS 1- 3; and DOES | ) |
| 4-10, inclusive, | ) **4. Forced Tip Sharing, 29 C.F.R. § 531.35;** |
| | ) |
| Defendants. | ) **5. Failure to Pay Minimum Wage in Violation of Cal. *Lab. Code* §§ 1194 & 1197;** |
| | ) |
| | ) **6. Failure to Furnish Accurate Wage Statements, Cal. *Lab. Code* § 226;** |
| | ) **7. Waiting Time Penalties, Cal. *Lab. Code* §§ 201-203;** |
| | ) **8. Failure to Indemnify Business Expenses in Violation of Cal. *Lab. Code* § 2802;** |
| | ) **9. Compelled Patronization of Employer and/or Other Persons in Violation of Cal. *Lab. Code* § 450;** |
| | ) **10. Violation of Cal. *Lab. Code* §§ 350, *et*** |

)    *seq*.; and
)  **11. Unfair Competition in Violation of**
)    **Cal.** *Bus. & Prof. Code* **§§ 17200,** *et*
)    *seq.*
)
)  **DEMAND FOR JURY TRIAL**
)
)
)
)
)
)
)
)

Plaintiff Maja Dogonyaro alleges the following upon information and belief, based upon investigation of counsel, published reports, and personal knowledge:

## I.  NATURE OF THE ACTION

1.  Plaintiff alleges causes of action against defendants RPZ LA, LLC dba MainRo ("Mainro"), Romain Zago, Michael Konig, Doe Managers 1-3, and Does 4-10, inclusive (collectively, "Defendants") for damages due to Defendants evading the mandatory minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and illegally absconding with Plaintiff's tips.

2.  As a result of Defendants' violations, Plaintiff seeks to recover all tips kept by her employer, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA.

3.  These causes of action arise from Defendants' willful actions while Plaintiff was employed by Defendants within the last three years from the filing of the demand for arbitration. During her time being employed by Defendants, Plaintiff was denied minimum wage payments and denied overtime as part of

1    Defendants' scheme to classify Plaintiff as an "independent contractor."

2    4.    Plaintiff worked at Defendants' principal places of business located

3    at 6350 Hollywood Blvd, Los Angeles, CA 90028 in the past three years.

4    5.    Defendants failed to pay Plaintiff's minimum wages and overtime

5    wages for all hours worked in violation of 29 U.S.C. §§ 206 and 207 of the

6    FLSA.

7    6.    Defendants' conduct violates the FLSA, which requires non-exempt

8    employees to be compensated for their overtime work at a rate of one and one-

9    half (1 ½) times their regular rate of pay. *See* 29 U.S.C. § 207(a).

10    7.    Furthermore, Defendants' practice of failing to pay tipped

11    employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage

12    provision. *See* 29 U.S.C. § 206.

13    8.    As a result of Defendants' violations, Plaintiff seeks to recover

14    double damages for failure to pay minimum wage, overtime liquidated damages,

15    interest, and attorneys' fees.

16    **II.    VENUE AND JURISDICTION**

17    9.    This Court has jurisdiction over the subject matter of this action

18    under 28 U.S.C. § 1331 because this action arises under the FLSA, 29 U.SC. §§

19    201, *et seq*. Plaintiff's state law claims for relief are within the supplemental

20    jurisdiction of the Court pursuant to 28 U.S.C. § 1367(a).

21    10.    Venue is proper in this District because all or a substantial portion of

22    the events forming the basis of this action occurred in this District. Defendants'

23    club is located in this District and Plaintiff worked in this District.

24    11.    Plaintiff has satisfied all conditions precedent, if any, to the filing of

25    this suit.

26    **III.    PARTIES**

27    12.    Plaintiff was employed by Defendants and Plaintiff qualifies as an

28    "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1).

13.    Mainro is a Delaware limited liability company with its principal place of business located at 6350 Hollywood Blvd, Los Angeles, CA 90028. At all times mentioned herein, Mainro was an "employer" or "joint employer" of Plaintiff as defined by the FLSA, 29 U.S.C. § 203(d) and (g). Mainro may be served via its agent for service of process, Becky Degeorge, 2710 Gateway Oaks Drive, Sacramento, California 95833.

14.    Defendant Romain Zago is an individual who resides in Los Angeles County, California. He is the owner and forty-seven percent shareholder of Mainro and exerts day to day management over the defendant entity Mainro through which he exerts operational and management control over Mainro. Pursuant to an across the board, corporate wide policy dictated and enforced by Defendants, including defendant Romain Zago and Michael Konig, as well as the other Defendants herein, refuse to pay bottle girls such as Plaintiff, minimum wage, by mischaracterizing her as an "independent contractor." Romain Zago individually exerts day to day management and operational control over Mainro, and is frequently present at, and owns, directs, controls, and manages the operations at the club. Defendant Romain Zago is an "employer" or "joint employer" within the meaning of the Fair Labor Standards Act.

15.    Defendant Michael Konig is an individual who resides in Miami, Florida. He is the owner, controlling shareholder, and exerts day to day management over the defendant entity Mainro through which he exerts operational and management control over Mainro. Pursuant to an across the board, corporate wide policy dictated and enforced by Defendants, including defendant Romain Zago and Michael Konig, as well as the other Defendants herein, refuse to pay bottle girls such as Plaintiff, minimum wage, by mischaracterizing her as an "independent contractor." Michael Konig individually exerts day to day management and operational control over Mainro, and is frequently present at, and owns, directs, controls, and manages the

operations at the club. Defendant Michael Konig is an "employer" or "joint employer" within the meaning of the Fair Labor Standards Act.

16.    DOE MANAGERS 1 to 3 are managers/owners who control the policies and enforce the policies related to employment at Mainro.

17.    At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r)(1) of the FLSA because they have had employees at their club engaged in commerce their club which has travelled in interstate commerce. Moreover, because of Defendants' interrelated activities, they function in interstate commerce. 29 U.S.C. § 203(s)(1).

18.    Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

19.    At all material times during the three (3) years prior to the filing of this action, Defendants categorized Plaintiff during her employment at Mainro as an "independent contractor" and have failed and refused to pay wages or compensation to her. Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

20.    The true names, capacities, or involvement, whether individual, corporate, governmental, or associate, of the Defendants named herein as DOE MANAGERS 1 through 3 and DOES 4 through 10, inclusive are unknown to Plaintiff who therefore sue said Defendants by such fictitious names. Plaintiff prays for leave to amend this Demand to show the true names and capacities when the same have been finally determined. Plaintiff is informed and believes, and upon such information and belief alleges thereon, that each of the Defendants designated herein as DOE is negligently, intentionally, strictly liable or otherwise legally responsible in some manner for the events and happenings herein referred to, and negligently, strictly liable intentionally or otherwise caused injury and

damages proximately thereby to Plaintiff, as is hereinafter alleged.

21.    Plaintiff is informed and believes that, at all relevant times herein, Defendants engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees and agents, and other Defendants and are vicariously or strictly liable for the wrongful conduct of its employees and agents as alleged herein.

22.    Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants acted, in all respects pertinent to this action, as the agent or employee of each other, and carried out a joint scheme, business plan, or policy in all respect thereto and, therefore, the acts of each of these Defendants are legally attributable to the other Defendants, and that these Defendants, in all respects, acted as employer and/or joint employers of Plaintiff in that each of them exercised control over their wage payments and control over her duties.

23.    Plaintiff is informed and believes, and on that basis alleges, that at all relevant times, each and every Defendant has been the agent, employee, representative, servant, master, employer, owner, agent, joint venture, and alter ego of each of the other and each was acting within the course and scope of his or her ownership, agency, service, joint venture and employment.

24.    At all times mentioned herein, each and every Defendant was the successor of the other and each assumes the responsibility for the acts and omissions of all other Defendants.

## IV.    ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### (Against All Defendants)

### A.    FACTUAL ALLEGATIONS

25.    Defendants operate a restaurant and club entertainment-oriented facility located at 6350 Hollywood Blvd, Los Angeles, CA 90028. At all times mentioned herein, Defendants were "employer(s)" or "joint employer(s)" of Plaintiff.

26. At most, if not all times during the four (4) years prior to the filing of the instant action, Defendants categorized Plaintiff employed by Defendants as "independent contractors" and have failed and refused to pay wages to such dancers.

27. At all times relevant to this action, Defendants exercised a great deal of operational and management control over Mainro, particularly in the areas of terms and conditions of employment applicable to bottle girls.

28. Plaintiff worked as a bottle girl for Defendants during the past three years.

29. The primary duties of a bottle girl are to bring in high-spending clients to a venue to purchase liquor, dance and entertain customers, and give them a good experience. Specifically, a bottle girl invites clients to spend money at avenue, dresses provocatively while working at that venue, delivers expensive bottles of alcohol to tables of guests, and entertains customers on a nightly basis.

30. Stated differently, bottle girls help a venue sell high-priced alcohol, dance at the venue, and perform while delivering the alcohol to customer's tables.

31. Plaintiff worked and performed at Mainro multiple shifts per week. Plaintiff was an integral part of Defendants' business which operated as a restaurant and club entertainment facility featuring entertainers.

32. Defendants did not pay bottle girls on an hourly basis.

33. Defendants exercised significant control over Plaintiff during their shifts and would demand that Plaintiff work certain days and tell Plaintiff what time they were permitted to leave.

34. Defendants set prices for all customer tables and bottles of alcohol.

35. Defendants set the daily cover charge for customers to enter the facility and had complete control over which customers were allowed in the facility.

36. Defendants controlled music at the facility.

37. Defendants controlled the means and manner in which Plaintiff could work at Mainro.

38. Defendants had the authority to suspend, fine, demote, or otherwise discipline bottle girls for non-compliance with their rules.

39. Defendants actually suspended, demoted, or otherwise disciplined bottle girls for non-compliance with their rules.

40. Plaintiff was compensated mostly through tips and service charges from Defendants' customers.

41. Defendants also required Plaintiff to share their tips with Defendants and other non-service employees who do not customarily receive tips, including the managers, disc jockeys, and the security.

42. Defendants are in violation of the FLSA's tipped-employee compensation provision, 29 U.S.C. § 203(m), which requires employers to pay a tipped employee a minimum of $2.13 per hour. Defendants also violated 29 U.S.C. § 203(m) when they failed to notify Plaintiff about the tip credit allowance (including the amount to be credited) before the credit was utilized. That is, Defendants' bottle girls were never made aware of how the tip credit allowance worked or what the amounts to be credited were. Furthermore, Defendants violated 29 U.S.C. § 203(m) because they did not allow Plaintiff to retain all of their tips and instead required that they divide their tips amongst other employees who do not customarily and regularly receive tips. Because Defendants violated the tip-pool law, Defendants lose the right to take a credit toward minimum wage.

43. Defendants exercised significant control over Plaintiff through written and unwritten policies and procedures.

44. Mainro provided and paid for all advertising and marketing efforts undertaken on behalf of Mainro.

45.     Mainro paid for the buildings used by Mainro, maintenance of the facility, the sound system, stages, lights, beverage and inventory used at the facility.

46.     Defendants made all hiring decisions regarding wait staff, security, entertainers, managerial and all other employees on the premises.

47.     Mainro's opportunity for profit and loss far exceeded Plaintiff's opportunity for profit and loss from work at Mainro.

48.     Bottle girls are an integral part of Mainro's operations. Mainro's advertising prominently displays bottle girls dancing for its customers.

49.     Defendants need bottle girls to successfully and profitably operate the Mainro business model.

50.     The position of bottle girl requires no managerial skill of others.

51.     The position of bottle girl requires little other skill or education, formal or otherwise.

52.     The only requirements to become a bottle girl at Mainro are "physical attributes" and the ability to dance seductively. Plaintiff did not have a formal interview with references called but instead was glanced over "up and down" and asked a few brief questions by the manager before being offered an employment opportunity. The amount of skill required is more akin to an employment position than that of a typical independent contractor. Defendants do not require prior experience as a bottle girl or any formal dance training as a job condition or prerequisite to employment. Defendants do not require the submission of an application or a resume as part of the hiring process. In fact, Plaintiff has little or no formal dance training and experience before working at Mainro.

53.     Defendants failed to maintain records of wages, fines, fees, tips and gratuities and/or service charges paid or received by bottle girls.

54.     Plaintiff was not paid an hourly minimum wage or *any* hourly wage

or salary despite being present at Defendants' facility and required to work and entertain its customers at any time during an six plus (6+) hour work shift.

55.     Plaintiff was not paid an hourly minimum wage for the typical half (1/2) hour of time expended prior to each shift to get ready for work, including applying makeup and hair, and to comply with Defendants' dress and appearance standards.

56.     The only source of monies received by Plaintiff relative to their employment with Defendants came in the form of gratuities received through customers, a portion of which Plaintiff was required to pay to Defendants.

57.     Defendants' method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Defendants misclassified Plaintiff with the sole intent to avoid paying them in accordance to the FLSA; the fees and fines described herein constitute unlawful "kickbacks" to the employer within the meaning of the FLSA, and Plaintiff is entitled to restitution of such fines and fees.

58.     Plaintiff, while working at Mainro, was subject to the terms and conditions of employment and a degree of control, direction, supervision, promotion and investment imposed or performed by Defendants.

59.     Defendants failed to keep records of tips, gratuities and/or service charges paid to Plaintiff or any other bottle girl and failed to maintain and furnish wage statements to Plaintiff.

60.     Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

a.     The time of day and day of week on which the employees' work week begins;

b.     The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

c.      An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d.      The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e.      The hours worked each workday and total hours worked each workweek;

f.      The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

g.      The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

h.      The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i.      The dates, amounts, and nature of the items which make up the total additions and deductions;

j.      The total wages paid each pay period; and

k.      The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

61.     Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiff and the FLSA Collective Members. Because Defendants' records are inaccurate and/or inadequate, Plaintiff can meet her burden under the FLSA by proving that Plaintif, in fact, performed work for which she was improperly compensated, and produce sufficient evidence to show the amount and extent of her work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Plaintiff seeks to put Defendants on notice that they intend to rely on *Anderson* to provide the extent of their unpaid work.

///

**B.    INDIVIDUAL LIABILITY UNDER THE FAIR LABOR STANDARDS ACT**

62.    In *Boucher v. Shaw*, 572 F.3d 1087 (9th Cir. 2009), the U.S. Court of Appeals for the Ninth Circuit held that individuals can be liable for FLSA violations under an expansive interpretation of "employer." *Id.* at 1088. The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Ninth Circuit stated that the definition of "employer" under FLSA is not limited by the common law concept of "employer" but "is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes."

63.    Where an individual exercises "control over the nature and structure of the employment relationship," or "economic control" over the relationship, that individual is an employer within the meaning of the FLSA, and is subject to liability. *Lambert v. Ackerley*, 180 F.3d 997 (9th Cir. 1999). The Ninth Circuit highlighted factors related to "economic control," which included ownership interest, operational control of significant aspects of the day-to-day functions, the power to hire and fire employees, determine salaries, and the responsibility to maintain employment records.

64.    ROMAIN ZAGO, as the owner of Mainro, is individually liable for failing to pay Plaintiff her wages.

65.    MICHAEL KONIG, as the owner of Mainro, is individually liable for failing to pay Plaintiff her wages.

66.    DOE MANAGERS 1 to 3 and DOES 4 through 10 are individually liable for failing to pay Plaintiff her wages. The actual identities of DOE MANAGERS 1 to 3 and DOES 4 through 10 are unknown at this time.

///

///

///

///

# V.    CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGE PURSUANT TO THE FLSA, 29 U.S.C. § 206

### (Against All Defendants)

67.    Plaintiff hereby incorporates by reference and re-alleges the previous paragraphs as though fully set forth herein.

68.    Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

69.    Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000).

70.    Defendants failed to pay Plaintiff the minimum wage in violation of 29 U.S.C. § 206.

71.    Based upon the conduct alleged herein, Defendants knowingly, intentionally and willfully violated the FLSA by not paying Plaintiff the minimum wage under the FLSA.

72.    Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds. In fact, Defendants continued to violate the FLSA long after they learned that their misclassification scheme and compensation policies were illegal.

73.    Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, minimum wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b).

///

///

## SECOND CAUSE OF ACTION

**UNLAWFUL TAKING OF TIPS IN VIOLATION OF THE FLSA, 29 U.S.C. § 203**

**(Against All Defendants)**

74.    Plaintiff hereby incorporates by reference and re-alleges paragraphs 1-66 as though fully set forth herein.

75.    Plaintiff customarily and regularly received more than thirty U.S. Dollars ($30.00) a month in tips and is therefore a tipped employee as defined in the FLSA, 29 U.S.C. § 203(t), *see also* 29 C.F.R. § 531.50.

76.    At all relevant times, each Defendant is an "employer" or joint employer of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

77.    Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

78.    Defendants operate an enterprise engaged in commerce within the meaning for the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000).

79.    Under TIPA:

> [a]n employer may not keep tips received by its employees for any purpose including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not it takes a tip credit.

29 U.S.C. § 203.

80.    Defendants kept a portion of tips paid to Plaintiff by Defendants' customers in the form of mandatory charges and other payments to management, disc jockeys, and security in violation of TIPA.

81.    Defendants required Plaintiff to participate in an illegal tip pool, which included employees who do not customarily and regularly receive tips, and do not have more than a *de minimis*, if any, interaction with customers leaving the tips (such as the Club DJs, security, and management).

82.    The contribution the Defendants required Plaintiff to make after each shift was arbitrary and capricious and the distribution was not agreed to by Plaintiff or other dancers; but rather, was imposed upon Plaintiff.

83.    By requiring Plaintiff to pool her tips with club management, including the individual Defendants named herein, Defendants "retained" a portion of the tips received by Plaintiff in violation of the FLSA.

84.    Defendants did not make any effort, let alone a "good faith" effort, to comply with the FLSA as it relates to compensation owed to Plaintiff.

85.    At the time of their illegal conduct, Defendants knew or showed reckless disregard that the tip-pool which they required Plaintiff to contribute included non-tipped employees and, therefore, was statutorily illegal. In spite of this, Defendants willfully failed and refused to pay Plaintiff the proper amount of the tips to which she was entitled.

86.    Defendants' willful failure and refusal to pay Plaintiff the tips she earned violates the FLSA.

87.    Defendants kept a portion of tips paid to Plaintiff by Defendants' customers in the form of mandatory charges and other payments to management, disc jockeys, and security in violation of TIPA.

88.    As a result of the acts and omissions of the Defendants as alleged herein, and pursuant to 29 U.S.C. §§ 216(b) and 260, Plaintiff is entitled to damages in the form of all misappropriated tips, plus interest; as liquidated damages, an amount equal to all misappropriated tips, mandatory attorneys' fees, costs, and expenses.

### THIRD CAUSE OF ACTION

### ILLEGAL KICKBACKS, 29 C.F.R. § 531.35

### (Against All Defendants)

89.    Plaintiff hereby incorporates by reference and re-alleges paragraphs 1-66 as though fully set forth herein.

90.    Defendants required Plaintiff to pay monetary fees to Defendants and other Mainro employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

91.    Defendants' requirement that Plaintiff pay fees to Defendants and other Mainro employees violated the "free and clear" requirement of 29 C.F.R. § 531.35.

92.    Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35 as alleged above, they were not entitled to utilize the FLSA's tip-credit provision with respect to Plaintiff's wages.

93.    Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35, all monetary fees imposed on Plaintiff is classified as illegal kickbacks.

94.    Plaintiff is entitled to recover from Defendants all fees that Defendants required Plaintiff to pay in order to work at Mainro, involving but not limited to kickbacks.

## FOURTH CAUSE OF ACTION

### FORCED TIPPING, 29 C.F.R. § 531.35

**(By Plaintiff Individually and for the Collective Against All Defendants)**

95.    Plaintiff hereby incorporates by reference and re-alleges paragraphs 1-66 as though fully set forth herein.

96.    Defendants required Plaintiff to pay monetary fees to other Mainro employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

97.    Defendants' requirement that Plaintiff pay fees to other Mainro employees violated the "free and clear" requirement of 29 C.F.R. § 531.35.

98.    Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35 as alleged above, they were not entitled to utilize the FLSA's tip-credit provision with respect to Plaintiff's wages.

99.    Plaintiff is entitled to recover from Defendants all fees that
Defendants required Plaintiff to pay other employees in order to work at Mainro,
involving but not limited to forced tip sharing.

### FIFTH CAUSE OF ACTION

**FAILURE TO PAY MINIMUM WAGE UNDER CAL. *LAB. CODE* §§ 1194 & 1197**

**(Against All Defendants)**

100.    Plaintiff hereby incorporates by reference and re-alleges paragraphs
1-66 as though fully set forth herein.

101.    Plaintiff alleges, on the basis of information and belief, that
Defendants, from the time the applicable statute of limitations begins to the
present time, have engaged in the regular practice of requiring or permitting
Plaintiff to work without paying her the legal minimum wage at all times.

102.    Section 2(K) of IWC Wage Order 5 and section 5(H) of IWC Wage
Order 10 define "hours worked" as "the time during which an employee is subject
to the control of the employer, [which] includes all the time the employee is
suffered or permitted to work, whether or not required to do so." An employer
must pay its employees for all "hours worked."

103.    Defendants did not pay wages for *any* of the time that they controlled
Plaintiff and/or permitted them to work.

104.    Plaintiff is not exempt from the minimum wage requirements under
California law.

105.    Defendants failed to accurately pay Plaintiff the required legal
minimum wage and compensation for all hours worked, in violation of Cal. *Lab.
Code* §§ 204, 210, 216, 558, 1194, 1194.12, 1197 and applicable IWC Wage
Order(s).

106.    Defendants, and each of them, individually or by and through their
respective officers, directors and managing agents, ordered, authorized, approved
or ratified the conduct herein alleged with the intent to deprive Plaintiff of

compensation and benefits to which she is, and was, entitled under California law, so as to increase Defendants' profits at the expense of the health and welfare of their employees, contrary to public policy and clear statutory obligations.

107.   As a result of the actions of Defendants in failing and refusing to pay the minimum wages required by law, Plaintiff was damaged by not receiving compensation which she should have received, but did not receive. Plaintiff is therefore entitled to compensation in an amount to be proven for unpaid wages, pre-judgment interest, penalties, attorneys' fees and costs pursuant to Cal. *Lab. Code* § 1194 and other applicable statutes.

## SIXTH CAUSE OF ACTION

### FAILURE TO FURNISH ACCURATE WAGE STATEMENTS,

### CAL. *LAB. CODE* §§ 226, *ET. SEQ.*

### (Against All Defendants)

108.   Plaintiff hereby incorporates by reference and re-alleges paragraphs 1-66 as though fully set forth herein.

109.   Cal. *Lab Code* § 226(a) mandates that "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or their employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an **accurate** itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee

1   and only the last four digits of his or her social security number or an employee

2   identification number other than a social security number, (8) the name and

3   address of the legal entity that is the employer and, if the employer is a farm labor

4   contractor, as defined in subdivision (b) of Section 1682, the name and address of

5   the legal entity that secured the services of the employer, and (9) all applicable

6   hourly rates in effect during the pay period and the corresponding number of

7   hours worked at each hourly rate by the employee and, beginning July 1, 2013, if

8   the employer is a temporary services employer as defined in Section 201.3, the

9   rate of pay and the total hours worked for each temporary services assignment."

10  (Emphasis added.)

11      110.   Pursuant to Cal. *Lab. Code* § 226(e)(2)(B), "an employee is deemed

12  to suffer injury for purposes of this subdivision if the employer fails to provide

13  accurate and complete information as required by any one or more of items"

14  identified above.

15      111.   As alleged in Plaintiff's causes of action, Defendants, and each of

16  them, regularly failed to compensate Plaintiff for all of her missed meal and rest

17  breaks.

18      112.   Furthermore, Defendants did not regularly furnished wage statements

19  that identified the inclusive dates for that wage statement, in violation of Cal. *Lab.*

20  *Code* §§ 226, *et seq.*

21      113.   Pursuant to Cal. *Lab. Code* § 226, Plaintiff seeks damages, costs of

22  suit, and reasonable attorneys' fees in an amount to be proven.

23                      **SEVENTH CAUSE OF ACTION**

24      **WAITING TIME PENALTIES, CAL. *LAB. CODE* §§ 201-203**

25                        **(Against All Defendants)**

26      114.   Plaintiff hereby incorporates by reference and re-alleges paragraphs

27  1-66 as though fully set forth herein.

28      115.   At all times relevant herein, Defendants were required to pay their

1    employees all wages owed in a timely fashion during and at the end of their

2    employment, pursuant to Cal. *Lab. Code* §§ 201–203.

3        116.   As a pattern and practice, Defendants regularly failed to pay Plaintiff

4    her final wages pursuant to Cal. *Lab. Code* §§ 201–203, and accordingly owe

5    waiting time penalties pursuant to Cal. *Lab. Code* § 203.

6        117.   The conduct of Defendants and their agents and managerial

7    employees as described herein was willful, and in violation of the rights of

8    Plaintiff.

9        118.   Plaintiff is informed and believes, and on that basis alleges, that

10   Defendants' willful failure to pay wages due and owed to them upon separation

11   from employment results in a continued payment of wages up to thirty (30) days

12   from the time the wages were due. Therefore, Plaintiff is entitled to compensation

13   pursuant to Cal. *Lab. Code* § 203.

14                          **EIGHTH CAUSE OF ACTION**

15        **FAILURE TO INDEMNIFY BUSINESS EXPENSES IN VIOLATION OF**

16                          **CAL. *LAB. CODE* § 2802**

17                          **(Against All Defendants)**

18       119.   Plaintiff hereby incorporates by reference and re-alleges paragraphs

19   1-66 as though fully set forth herein.

20       120.   Cal. *Lab. Code* § 2802 requires employers, including Defendants, to

21   indemnify employees for all necessary expenditures incurred by the employee in

22   performing their job.

23       121.   As alleged herein, Defendants required Plaintiff, as a condition of her

24   employment, pay a daily "tip out" fee of approximately fifty dollars ($50) in order

25   to fulfill Plaintiff's job duties.

26       122.   Such expenditures by Plaintiff is incurred in direct consequence of

27   the discharge of Plaintiff's job duties.

28       123.   As a direct and proximate result of Defendants' failure to reimburse

1   Plaintiff for these necessary expenditures, Plaintiff has been injured in an amount

2   to be proved.

3        124.   Plaintiff is, therefore, entitled to recover reimbursement for these

4   necessary expenditures, and also to recover costs, interest, and attorneys' fees as

5   provided by California law.

6                        **NINTH CAUSE OF ACTION**

7   **COMPULSION AND COERCION TO PATRONIZE EMPLOYER AND/OR OTHER**

8        **PERSONS IN VIOLATION OF CAL. *LAB. CODE* §450**

9                        **(Against All Defendants)**

10       125.   Plaintiff hereby incorporates by reference and re-alleges paragraphs

11  1-66 as though fully set forth herein.

12       126.   Cal. *Lab. Code* § 450 provides that no employer "may compel or

13  coerce any employee, or applicant for employment, to patronize his or her

14  employer, or any other person, in the purchase of anything of value."

15       127.   As alleged herein, Defendants required Plaintiff to purchase various

16  fees such as the "tip out fees" from Defendants and/or other specific persons.

17       128.   As a direct and proximate result of Defendants' requirement that

18  Plaintiff purchase anything of value, including the tip out fee from Defendants

19  and/or other specific persons, Plaintiff has been injured in an amount to be

20  proved.

21       129.   By requiring Plaintiff to purchase said fees to do their job,

22  Defendants compelled and coerced Plaintiff to patronize Defendants' business.

23       130.   Plaintiff is, therefore, entitled to recover damages, and also to

24  recover costs, interest, and attorney's fees as provided by California law.

25  ///

26  ///

27  ///

28  ///

CZ | CARPENTER & ZUCKERMAN

## TENTH CAUSE OF ACTION

### TIP MISAPPROPRIATION IN VIOLATION OF CAL. *LAB. CODE* §§ 350, *ET SEQ.*

### (Against All Defendants)

131.   Plaintiff hereby incorporates by reference and re-alleges paragraphs 1-66 as though fully set forth herein.

132.   Cal. *Lab. Code* § 351 makes it illegal for an employer to collect tips paid or left for the employee and mandates that such tips are the employees' property. Moreover, Cal. *Lab. Code* § 350(2) provides as follows: Gratuity includes any tip, gratuity, money or part thereof that has been paid or given to or left for an employee by a patron of a business over and above the actual amount due the business for service rendered or for goods, food, drink or articles or served to the patron. **Any amounts paid directly by a patron to a bottle girl employed by an employer subject to Industrial Welfare Commission Order No. 5 or 10 shall be deemed a gratuity**.

133.   Plaintiff is entitled to the amounts paid by the patron at Mainro that was taken/withheld by Defendants.

134.   Plaintiff is, therefore, entitled to recover damages, and also to recover costs, interest, and attorneys' fees as provided by California law.

## ELEVENTH CAUSE OF ACTION

### UNFAIR COMPETITION IN VIOLATION OF

### CAL. *BUS. & PROF. CODE* §§ 17200, *ET SEQ.*

### (Against All Defendants)

135.   Plaintiff hereby incorporates by reference and re-alleges paragraphs 1-66 as though fully set forth herein.

136.   Cal. *Bus. & Prof. Code* § 17200 defines "unfair competition" to include any unlawful business practice.

137.   Cal. *Bus. & Prof. Code* §17204 allows a person who has lost money or property as a result of unfair competition to bring an action for restitution of

money or property acquired from him or her by means of unfair competition.

138.    The FLSA prohibits employers to divert any part of an employee's wages, including tips and gratuity, to itself.

139.    In violation of these requirements, as set forth above, Defendants violated 29 U.S.C. § 203 by forcing Plaintiff to participate in an invalid tip-pool with employees who typically do not receive tips. Additionally, Defendants forced Plaintiff to use portions of their tip wages to pay Defendant managers as well.

140.    In violation of these requirements, as set forth above, Defendants violated 29 U.S.C. § 206 and 29 U.S.C. § 207 by failing to pay Plaintiff minimum wages, took payments from Plaintiff from clients and forced them to subsidize the other employees.

141.    As a result of Defendants' above-alleged unlawful business practices, Plaintiff has lost monies and property by means of unfair competition.

142.    In violation of these requirements, as set forth above, Defendants compelled Plaintiff to patronize Mainro.

143.    In violation of these requirements, as set forth above, Defendants failed to pay Plaintiff minimum wages for the hours that she worked.

144.    In violation of these requirements, as set forth above, Defendants failed to indemnify business expenses to Plaintiff.

145.    As a result of Defendants' above-alleged unlawful business practices, Plaintiff has lost monies and property by means of unfair competition.

146.    Pursuant to Cal. *Bus. & Prof. Code* § 17204, Plaintiff seeks an order of restitution for all monies and property that Defendants have acquired from them by means of unfair competition from the forced tip pooling.

147.    Plaintiff is seeking minimum wages, overtime wages, forced tips, house fees, and stolen tips and other restitutionary relief under this equitable cause of action for the four years prior to filing this lawsuit.

## **PRAYER FOR RELIEF**

WHEREFORE, each Plaintiff request of this Court the following relief:

1. For compensatory damages according to proof of at least $100,000;

2. For special damages according to proof;

3. For restitution of unpaid monies;

4. For attorneys' fees;

5. For costs of suit incurred herein;

6. For statutory penalties;

7. For civil penalties;

8. For pre-judgment interest;

9. For post-judgement interest;

10. For general damages in an amount to be proven; and

11. For such other and further relief as the tribunal may deem just and proper.

Dated: December 7, 2023

**KRISTENSEN LLP**

*/s/ John P. Kristensen*
John P. Kristensen
Justice D. Turner

***Attorneys for Plaintiff***

1

## DEMAND FOR JURY TRIAL

2

Plaintiff hereby demand a trial by jury for all such triable claims.

3

4  Dated: December 7, 2023                    **KRISTENSEN LLP**

5                                              */s/ John P. Kristensen*

6                                              John P. Kristensen
                                               Justice D. Turner
7

8                                              ***Attorneys for Plaintiff***

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28